The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez, oyez, oyez, all persons having any manner or form of business before the Honorable, the United States Court of Appeals for the Fourth Circuit, are admonished to draw nigh and give their attention, for the Court is now sitting. God save the United States and this Honorable Court. Please be seated. Good morning. We will hear an argument in United States v. Sanchez. Mr. Woodward, happy to hear from you. Good morning, Your Honor. May it please the Court, I'm here on behalf of my client, Daniel Sanchez, to ask the Court to fashion a remedy that will allow him to get out from under a, what I believe to be improperly long period of supervised release, give the Court a little bit of history. He was arrested for a felon in possession of a firearm charge back in 2003. At that time, Judge Dumar and the District Court found that he was an armed career criminal, sentenced him to 15 years incarceration with a follow-on of five years of supervised release. He served the 15 years, was released and put on supervision in October of 2016. And violated three months later? Yes, ma'am, in January of 17. That's correct. So even if he had gotten a six-month period of supervised release, he would have still violated and been revoked? Yes, ma'am. And I think the remedy that we're seeking certainly has to do with the future, not the past. So I understand that there has never been a finding in the District Court that he is not an armed career criminal. I'm sure the Court has seen that. But the only thing before us, really, that we have jurisdiction to hear is whether the revocation was plainly unreasonable. And that's hard to see how it's plainly unreasonable when he's going around threatening to kill his wife and daughter. Well, Your Honor, again, I understand. I believe it may be a little broader than that. What we believe is unreasonable, and my legal bridge to that to the extent there is one, is 18 U.S.C. 3583H, where the follow-on period of supervised release, he now is subject to 47 months. If, in fact, he was not an armed career criminal, his total maximum supervised release would be three years. So the practical effect of that is he essentially could be under the control of the court for as much as almost nine more, eight more years. If he were to go 46 months and be one month from completing his term and commit a violation, the district court, as we currently stand, would then have the option potentially to give him 47 more months of active incarceration. And I think the— Isn't all that hypothetical? Well, it is hypothetical at this point, Your Honor. But my point would be that if, in fact, he is not an armed career criminal under the law as it currently stands— Well, if he is or he isn't, there are ways of determining that. And there's a direct appeal you can take, and you can go at it through collateral attack, and you can go at it through all these motions and everything. Congress has set forth a detailed roadmap as to how you can challenge all that. But a revocation hearing just circumvents everything Congress has done. And, Your Honor, I understand that, and I— You've got a roadmap for how you go about these things. And, you know, what you're trying to do is, in bringing all this into a revocation hearing, we just almost ruled all these detailed provisions about challenging sentences irrelevant. Well, Your Honor, I don't think it's—with all due respect, it's ever irrelevant if it comes before the court that someone has a sentence that's unconstitutionally long. Well, sure, with that file of 2255 petition. Or, you know, you can try to file a successive petition. But that's a very different thing from trying to shoehorn everything that's been done before into a little hearing which has a discrete inquiry, which is whether the revocation was plainly unreasonable and whether the revocation sentence was plainly unreasonable. And, you know, you have here somebody with a long history of threatening to kill his family members, and no sooner does he get out of the supervised relief than he threatens to kill his wife and his 14-year-old daughter. But, Your Honor, I— How can that be plainly unreasonable? My argument on a legal basis, Your Honor, is that if the maximum supervised release that he's constitutionally subjected to is 36 months, giving him 47 months is, on its face, plainly unreasonable. I understand your court's inquiry. Here I got appointed to this case with this procedural posture and this record. And I agree that perhaps Mr. Sanchez, when he got released in first place on supervised release, could have filed or petitioned the court to have his period reduced from five years to three years. That didn't happen. But, again, I just—I think that we're not here, obviously, to discuss all the roadblocks that would lie in front of him trying to collaterally attack this through a 2255, and I'm certainly not here to defend his record. But I do think that if you look at the plain language of 1835—3583, the length of such a term shall not exceed the term of supervised release authorized by statute. And I think at this point— Well, you can—in a revocation hearing, I suppose you can challenge the new term of supervised release. There would be a new term of supervised release imposed. And you can challenge the new term of supervised release. But that's a totally different thing from going back and trying to challenge the underlying conviction. Well, Your Honor, we're certainly not trying to undermine the underlying conviction. I would analogize this to be if Judge Dumas had said you're sentenced to 10 years of supervised release, which is clearly beyond the statute, clearly illegal, whether you have a Johnson analysis or not. If he had come in and said, I think you have a terrible record, and I'm going to give you 13 months in jail and supervised release— 10 years of supervised release, that would be an excess. Well, he didn't do that, first of all. But second of all, if he had done that, you can—in a revocation hearing, you can challenge the new term. But that's the extent of it. Yes, sir. And I think what the Court—I don't want to be miscommunicating. I think that the remedy that we seek to get there, first the Court would have to determine in a factual basis, and you saw Judge Dumas' comments in the record, whether or not he is in fact under the new standards an armed career criminal. If he is, that's the end— That's going back into the original conviction. That's already been determined. Well, yes, Your Honor, but— No, we're not determining whether the—in order to get it supervised release, we're not revisiting every original conviction. Well, no, sir, not— You have to get—if you want to get that invalidated, and you think it's invalid under Johnson or whatever, then bring your collateral attack under the provisions that Cox has set forth. But until that's overturned under the accepted procedures, it stands. It's a valid conviction. Yes, sir, Your Honor. It can't be unraveled or redetermined in order to get it supervised release. You have to go at it the way I think every other court, every other court in the country has gone at it. And indeed, in three or four unpublished opinions, we've gone at it, which is to say the only question here is whether the revocation is plainly unreasonable on its own terms. And what you do is you look at the conditions of supervised release that have been imposed, and you ask whether those have been violated. And that's the limited inquiry. And it's hard to see here how they have not been violated. And, no, Your Honor, I'm not arguing they haven't been violated. My argument is that the imposition of 47 additional months after he served his 13 months is plainly unreasonable if, in fact, the maximum amount of supervised release is three years, which is what it would be if he's not an armed career criminal. I understand the courts... In order to get at that, you are trying to go at the underlying question of whether he's an armed career criminal. And that has been decided. That has been decided. And if for any reason you were going to, if it was erroneously decided, there are plenty of ways to get at that, but not here. It's a question of time, place, and manner. I understand the court's position, Your Honor. I hope that I've got just about a minute left. I hope the court understands that I come here based on the record that was presented to me when I got involved in the case. And my argument would, again, be that any time a sentence is unconstitutional, it's plainly unreasonable. I don't have any particular case that I can cite for that proposition. Because there aren't any. I agree. Every time we've looked at the question and every time other circuits have looked at the question, they have rejected this argument. I don't dispute that, Your Honor. I'm here making it to this court on this day, but I agree with the court. Trust me, if I had a string of cases to cite, I would have cited them. Thank you.  Every circuit that has addressed the question of whether a defendant at a revocation hearing can attack the underlying conviction and sentence has said that a revocation hearing, you cannot do that. And this court should, as it has in unpublished opinions, follow that precedent. Allowing such attacks in the context of a revocation hearing would create an end run around the limits on direct appeal. How many earlier opinions do we have on this? About three, four? Three unpublished opinions, Your Honor. There's Easterling, Carter, and Neal. And Neal involved a defendant who was attacking the predicate felony for a felon in possession. So unlike the situation here where you'd be saying a lower sentence, they were just saying, I don't even have a crime anymore. Because under Simmons, the felony that was used to trigger the felon in possession offense was no longer deemed a felony. It was deemed a misdemeanor. And even in that context, the court said that in the context of a revocation hearing, you cannot challenge the underlying. We have your briefs. Have our questions overlooked something that you'd like to use your time to discuss? No, Your Honor. I'm happy to rely on the briefs. All right. Do you have any questions? We have no questions. Thank you. Thank you, Your Honor. Yes, Mr. Woodward. The only point I would make to the court is the cases, the unpublished opinions, are not armed career criminal cases. And the armed career criminal issue is one of constitutional dimension, which again I would urge the court to consider whether that's a horse of a different color than simply a sentencing enhancement or some other issue where the Supreme Court has said that at least some of the clauses of the Armed Career Criminal Act are unconstitutional. And that, I believe, would place this case in a different category. Thank you, sir. We'll come down and greet counsel, and then we will take a brief recess and reconstitute the panel. The Honorable Court will take a brief recess.
judges: J. Harvie Wilkinson III, William B. Traxler Jr., Stephanie D. Thacker